13329

BROGDON v. D. W. ALDERMAN & SONS CO.

(168 S. E., 795)

*Messrs. Epps & Levy,* for appellant,

*Messrs. Lee & Moise, M. M. Weinberg* and *A. C. Hinds,*
for respondent,

January 18, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This suit, commenced in the Court of Common Pleas for Sumter County, by Susan R. Brogdon, plaintiff, against the defendant, D. W. Alderman & Sons Company, is an action for damages on account of an alleged trespass made by the defendant upon certain lands in Sumter County. After filing answer the defendant, upon due notice, moved before the Court for an order permitting the defendant to "have its surveyor view and survey the land in the vicinity of that referred to in the complaint and to permit witnesses for the defendant to enter upon and view said area," and, failing in this motion, for an order of survey provided for under the Code. The motion was heard before his Honor, Judge T. S. Sease, February 23, 1931, on the pleadings in the cause and supporting affidavits, for and against the motion. After hearing argument by counsel, and upon due consideration, his Honor, Judge Sease, issued an order in the cause, refusing the first two requests stated in the motion but granting an order of survey, provided for under the Code. From the said order the plaintiff has appealed to this Court, upon exceptions which will be reported with the case.

Section 5308, Volume 3, Code 1922, under which the order was issued, reads as follows: "If any cause be depending in the Circuit Courts, or within the jurisdiction of the same, *wherein the titles or boundaries of lands or plantations shall be brought into dispute,* the Judge of the said Court shall appoint surveyors, at the nomination of the parties, to survey the same, at the charge of the said parties, and to return such survey, on oath, at the next sitting of the said Court." (Italics ours.)

The pleadings in the case and the affidavits considered by Judge Sease in connection therewith are quite lengthy, and, in our opinion, it' would serve no useful purpose to quote the same here. We deem it sufficient to state that, according to our view of the case, considered in connection with the section of the Code above quoted, they amply support the order his Honor issued. While the suit is primarily an action for damages on account of an alleged trespass, necessarily, under the facts alleged in the complaint and answer, the title and the boundaries of the land in question are in dispute. In our opinion, Judge Sease committed no error in issuing the said order.

Therefore, the order appealed from is affirmed, and the case remanded for further proceeding, not inconsistent with the views herein expressed.

Mr. Chief Justice Blease and Mr. Justice Bonham concur.

Mr. Justice Stabler dissents.

Mr. Justice Cothran did not participate on account of illness.

Mr. Justice Stabler (dissenting) : I think that the Circuit Judge, upon such terms as he saw fit to impose, might properly have granted—but which he refused—defendant's motion that defendant's surveyors, with proper assistants, be allowed to enter and survey Procotaligo Swamp in the vicinity referred to in the pleadings, inclusive of such part of plaintiff's land as might be located in that swamp. But it seems to me that he was in error in granting, on defendant's motion—which was opposed by the plaintiff—an order of survey as provided for by Section 5308 of the Code of Laws of 1922 (Vol. 3). The action is one at law brought by plaintiff for damages on account of alleged trespass by the defendant on lands which the complaint alleged plaintiff owned and possessed at the time. The complaint discloses no feature of equitable cognizance; and the matter of title to or boundaries of lands is not properly brought into this case. Cer-

tainly, it seems to me, not in such a way as to warrant the granting of an order of survey under Section 5308.

I therefore dissent.