### 13849

BROGDON v. D. W. ALDERMAN & SONS CO.

(174 S. E., 470)

Before DENNIS, J., Sumter, August, 1930.

*Messrs. A. C. Hinds, Lee & Moise* and *M. M. Weinberg,* for appellant,

*Messrs. Epps & Levy,* for respondent,

May 15, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Sumter County, August 2, 1930, is a suit by the plaintiff, Susan R. Brogdon, against the defendant, D. W. Alderman & Sons Company, for recovery of the sum of $10,000.00, as damages for alleged trespass made by the defendant on certain lands in Sumter County. Issues being joined, the de-

fendant moved for an order to permit the defendant's surveyors to view and survey the lands in the vicinity of that referred to in the complaint, and to permit witnesses for the defendant to enter upon and survey the said area, and, if these requests were not granted, then for an order of survey, as provided under the Code. The matter was heard before his Honor, Judge T. S. Sease, February 3, 1931, who issued an order in the cause, dated February 23, 1931, refusing the first two requests named, but granting an order of survey. From the said order of his Honor, Judge Sease, the plaintiff appealed to this Court, and this Court affirmed the said order. The case is reported in 165 S. C., 234, 163 S. E., 795. Thereafter the case was tried in the Court of Common Pleas for Sumter County, at the fall term, 1932, before Judge E. C. Dennis and a jury. It appears from the record in the case that the defendant moved for direction of a verdict, both as to actual as well as punitive damages, at the close of the introduction of testimony by the plaintiff, and again at the close of all of the testimony; both motions being overruled, one of the grounds upon which the motion was based being that there was no evidence of willfulness, wantonness, or malice on the part of the defendant, and the defendant therefore contended that the plaintiff was not entitled to any punitive damages. The case being submitted to the jury, a verdict was rendered for the plaintiff for the sum of $100.00 actual damages and $4,000.00 punitive damages. A motion for a new trial by the defendant being made, the trial Judge refused to set aside the verdict as a whole as to punitive damages, as asked for by defendant, but his Honor ordered that a new trial be granted, unless the plaintiff would within a time designated remit $2,100.00 of the punitive damages found by the jury, leaving the sum of $1,900.00 as punitive damages and the sum of $100.00 actual damages, total of the verdict under the said order being $2,000.00, for which sum judgment was duly entered on the verdict. Within due time the defendant gave notice of intention to appeal from

the judgment so entered, and now comes to this Court on exceptions, which, according to appellant's contention, raise the following question: "Did the Trial Judge err (a) in submitting the issue of punitive damages to the jury and (b) in not setting aside the verdict as to punitive damages?"

A verdict for the plaintiff for actual damages being rendered by the jury, and there being no appeal from the judgment entered thereon, for the purposes of a consideration of the case before this Court it must be assumed that the evidence in the case warranted a verdict for actual damages, and the only question before this Court is therefore, Does the evidence support punitive damages?

As being pertinent to the question before this Court, we call attention to the following allegations of the complaint:

"II. That many years ago, the plaintiff purchased and went into peaceable possession of a considerable tract of land in the county of Sumter, and State aforesaid, said tract being bounded on the Northwest, West and Southwest by center of the main run of Procotaligo Swamp.

"III. That on or about January 1st, 1930, while the plaintiff was in peaceable possession of that portion of said tract, which portion is below more particularly described, the defendant, its agents and servants, without the knowledge or consent of the plaintiff, entered upon that tract of land in the county of Sumter, and State aforesaid, bounded on the North and Northwest by land of Mrs. Elizabeth Clifton and run of Pocotaligo Swamp; on the Northeast and East by other land of the plaintiff; on the South and Southwest by other lands of the plaintiff and the run of Pocotaligo Swamp; and West by run of Pocotaligo Swamp. The tract herein particularly described containing seventy-four acres more or less.

"IV. The plaintiff is informed and believes that the defendant, its agents and servants, went upon the said tract of land, blazed trees across the same, cut out the underbrush around the Northern, Eastern and Southern sides of the

same, trampled down the grass thereon, and posted thereon notices to the following effect: 'No trespassing. D. W. Alderman and Sons Co.'

"V. That after learning of said trespass, the plaintiff, through her attorneys, wrote the defendant company, on March 19th, 1930, to the following effect:

" 'D. W. Alderman and Sons Company, Alcolu, S. C.

" 'Gentlemen: We represent the estate of Mrs. S. R. Brogdon, and we are advised today by Mr. Jules Brogdon, her son, that Mr. Floyd (surveyor of the defendant), at your request has posted certain lands belonging to her on Pocotaligo Swamp. We are therefore writing you to request that you remove these notices at once, as you had no right to place them there. Will appreciate your advising us as to whether or not this request will be complied with.

" 'Yours very truly,

" 'EPPS AND LEVY,
" 'By: GEORGE D. LEVY.'

"VI. The plaintiff is informed and believes that the defendant failed to answer the said letter, and failed and refused to move the said notices.

"VII. That accompanied with said trespass, and as showing the wilfulness and wantoness of the defendant in committing the same, the plaintiff further alleges and shows that on or about December 14th, 1929, the defendant company procured from one Frederick S. Booth and one Mary Hodge what purported to be a special warranty or quit claim deed to four hundred and fifteen acres of land bounded by and adjoining lands of Frederick S. Booth, Jones, Clifton, Brogdon, Kelly and others; that the said deed referred to a plat made, or to be made, by G. T. Floyd, which plat the plaintiff is informed and believes was subsequently made by the said G. T. Floyd, as agent of the defendant company, and recorded. * * *

"VIII. That the plat as made and recorded includes the tract of land above particularly described as belonging to and

being in the peaceable possession of the plaintiff at the time of said trespass.

"IX. The plaintiff is informed and believes that neither the said Frederick S. Booth nor the said Mary Hodge either had or claimed any title whatsoever to any portion of the tract of land in possession of the plaintiff as aforesaid, and this the defendant company well knew, or by the exercise of the slightest inspection, would have known.

"X. That on account of said trespass, the land of the plaintiff has been damaged, her peaceable possession disturbed, violated, and broken into, and all of said acts on the part of the defendant, its agents and servants, were negligent, reckless, wanton, wilful and malicious, and all to the damage of the plaintiff in the sum of ten thousand dollars."

In brief, it may be stated that the defendant denied all of the material allegations made by the plaintiff, and alleged, for the reasons stated in the answer, that defendant had the right to do all acts complained of by the plaintiff, which the defendant had done; further, the defendant, in effect, alleged that the plaintiff had no title or right of ownership to the lands involved and denied that the plaintiff was in possession of the same when the alleged acts of wrong were committed by the defendant.

The testimony taken at the trial of the case covers over two hundred pages of the transcript of record, and it would, in our opinion, serve no useful purpose to enter into a general discussion of the same. We deem it sufficient to state that there was testimony tending to establish the material allegations of the complaint. In this connection we call attention to the fact that the grievance of the complaint is that the defendant trespassed upon land in the possession of the plaintiff, and the issue was fought out on this line. There is no need to discuss the rules of law applicable in establishing possession for the purpose of the plaintiff maintaining her alleged cause of action and to enable her to recover against the defendant, for the reason that no question of

this nature is raised under the exceptions. Appellant charges no error by the trial Judge in the admission of testimony or in his Honor's charge to the jury. As stated, the only question raised under the exceptions is whether or not the testimony supports punitive damages. As further stated, the appellant having failed to appeal from the judgment as to actual damages, the appellant has, in effect, conceded that the plaintiff's alleged cause of action is made out, so far as actual damages is concerned; and, since no allegation of error is made regarding the admission of testimony or regarding his Honor's charge to the jury, it must be assumed that his Honor committed no error in the admission of testimony or in his charge to the jury. The plaintiff having established to the satisfaction of the jury that she was in possession of the land in question at the time of the alleged trespass, and the trial Judge having by his ruling, in effect, concurred in this finding, and there being evidence to support such finding, from which there is no appeal, that question is adjudicated, and there is no inquiry to be made by this Court except as to whether or not the alleged acts of trespass were committed in such a manner, or under such conditions and circumstances as to warrant the inference that such acts of trespass were willful and wanton and furnish a basis for the award of punitive damages; the appellant, as above stated, having not appealed from the judgment as to actual damages. Of course, in order to find a verdict for actual damages for the plaintiff, the jury had to reach the conclusion that the plaintiff was in possession of the land in question at the time of the alleged acts of trespass by the defendant.

Among the acts of the defendant to which the respondent calls attention, as establishing a basis for punitive damages, is the act of the defendant, with its agents and servants, in going and entering upon the land in question, while the plaintiff was in peaceable possession of the same, and blazing the trees across the land, cutting out the underbrush thereon, tramping down the grass thereon, and posting notices on the said land reading as set forth in the complaint,

copied above. Another act to which the respondent calls attention is the failure on the part of the defendant to comply with the request of the respondent, acting through her attorneys, to remove the trespass notices placed on the lands by the defendant, and the failure on the part of the defendant to pay any attention to this letter of plaintiff's attorneys, in which letter defendant was notified that the plaintiff was in possession of the said lands and claimed the same. In this connection we may state that there was testimony tending to show that the defendant did cause said notices to be posted on said land, and did go upon the same with its surveyor, survey the said lands, and established a line across the same, and did cut the undergrowth on the lands as alleged and do the other acts alleged by the plaintiff on the said lands in committing a trespass thereon. There was further testimony tending to show that the letter was written and sent to the defendant, as above mentioned, and that defendant paid no attention to the same and did not remove the trespass notices posted on the lands by the defendant. Other testimony to which our attention is called is to the effect that a son of the plaintiff called on the defendant regarding acts of the defendant in trespassing upon the lands, and that the officers of the defendant, in charge of the matters involved, manifested a spirit of willfulness and showed a disposition to disregard the claim and alleged rights of plaintiff. Our attention is also called to testimony from which it may be inferred that the parties from whom and under whom the defendant claimed title never owned, and, in fact, never claimed to own, at any time the land on which the alleged trespass was committed by the defendant, its agents and servants, and, further, that the defendant knew this fact at the time of the alleged trespass; at least, this is one reasonable inference to be drawn from the testimony and surrounding conditions and circumstances in the case as developed on the trial of the case on the circuit. Considering the testimony as a whole, it is our opinion that the trial Judge was right in submitting to the jury the question of punitive

damages. Of course, the credibility of the witnesses was a matter the trial Judge under the law was forced to leave to the jury, and under the record his Honor could not hold that there was no evidence to support punitive damages. No error is shown in his Honor's failure to set the verdict aside. In this connection we call attention to the fact that his Honor reduced the verdict from $4,000.00 to $2,000.00

The exceptions are overruled, and it is the judgment of this Court that the judgment of the lower Court be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES STABLER, and BONHAM and MR. ACTING ASSOCIATE JUSTICE COTHRAN concur.